HARLEY v. CALDWELL ET AL. TRADING AS THE SCHUYLKILL SAVINGS INSTITUTION.

October 5, 1839.

*Rule to show cause why the judgment should be stricken off.*

Plaintiff filed a copy of a book, in which defendants, who received money on deposit from the plaintiff, made entries commencing with " E. H. in account with the Schuylkill Savings Institution," and ending with a balance struck in favour of plaintiff. *Held :* that the copy was of an instrument of writing for the payment of money, so as to entitle the plaintiff to judgment for want of an affidavit of defence under the act of 28th of March, 1835.

[Harley v. Caldwell et al.]

THE plaintiff brought an action to September term, 1839, No. 317, to recover three hundred and forty-seven dollars, balance of his deposit account with the defendants, and filed a copy of his book, commonly called a " bank-book," commencing " *Edward Harley in account with the Schuylkill Savings Institution,*" showing a balance struck in his favour. On the 20th of September, the plaintiff had judgment against the defendants for want of an affidavit of defence. The defendants obtained this rule to show cause why the judgment should not be stricken off, on the ground, that the copy filed was not within the meaning of the act of assembly of 28th March, 1835, and therefore no affidavit of defence was necessary.

*Hopkins,* for the rule.
*Hirst,* contra.

PETTIT, *President.*—This judgment is correct. We cannot shut our eyes to the usual practice of depositing money in Banks and Savings Institutions. A book is furnished, and an entry of deposit is made. This entry is a promise to repay the amount on demand, and in this instance a balance is struck of the whole account in favour of the plaintiff. These constitute as much " *an instrument of writing for the payment of money*" as any other form of written promise. A bank-book is viewed by our courts as high evidence; and public policy requires it to be so regarded. The safety of the depositor depends upon this rule of law; his book is the only evidence he is furnished with, and he cannot conveniently command any other.

STROUD, J., concurred.

JONES, J., absent.

Rule discharged.