## HOTTENSTEIN VS. KOHLER.

A bank book is such an instrument in writing as requires an affidavit of defence to prevent judgment being taken.

Error to Common Pleas of Berks County. No. 98 July Term, 1879.

This was an action of assumpsit brought by H. A. F. Kohler against Edward Hottenstein.

The declaration was in the common counts. The plaintiff filed an affidavit of claim, copy of pass book or bank book of himself with defendant, and copy of promissory note given as collateral seturity. Defendant filed an affidavit of defence, alleging that "the plaintiff frequently loaned money to parties through your deponent at his own risk—the note in question

was taken by the plaintiff from your deponent at his own risk, without your deponent in any manner promising to secure the payment of the same. That from the copy of the note as filed in the Prothonotary's office, it does not appear that your deponent ever put his name to said note. Your deponent further says that he is not indebted to said plaintiff in any amount, which he expects to prove at the trial of this suit.

The Court entered judgment for want of a sufficient affidavit of defence, and refused an application to open the judgment, which is assigned for error.

*A. G. Green, Esq.*, for plaintiff in error.

*Messrs. Reber and Seltzer, contra.*

The Supreme Court affirmed the judgment of the Common Pleas on March 22, 1880, in the following opinion,

PER CURIAM:

It appears by the papers filed that defendant below was a banker, and that one of these papers was a copy of the bank or pass book of the defendant himself with the plaintiff. Such a book is an instrument of writing for the payment of money. All that would be necessary for the plaintiff on the trial before the jury would be to produce and prove it. We think it was clearly within the terms of the Act of Assembly providing for judgment for want of an affidavit of defence. It was so held at a very early day, under the Act of March 28, 1835, P. L. 89, in the District Court of Philadelphia, Harley vs. Caldwell, 2 Miles, 334, and that decision has never been questioned. The affidavit of defence was clearly insufficient, and with the application to open the judgment we have nothing to do.

Judgment affirmed.